IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-19-0036 |
| DAVONTA MCCROREY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Davonta McCrorey's Motion to Appoint Counsel. (ECF No. 1314.) Mr. McCrorey requests appointment of counsel for purposes of filing a motion pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he had seven or more criminal history points, and his status points are eliminated if he had six or fewer criminal history points when sentenced. The Court has reviewed Mr. McCrorey's Presentence Report ("PSR"). It indicates that he received two status points because he "committed the instant offense while on probation[.]" (PSR ¶ 34.) With these two points, his criminal history points totaled 7, which establishes a criminal history category of IV. (*Id.* ¶ 35.) Based upon a total offense level of 29 and a criminal history category of IV, the guideline imprisonment range was 121 months to 151 months. (*Id.* ¶ 71.) Had his criminal history points been 5 (which amounts to a criminal history category of III), the guideline range would have been 108 to 135 months.

McCrorey was sentenced to 96 months, below the guideline range even assuming that his criminal history category was III. Therefore, he may not avail himself of Amendment 821 to reduce his sentence. Sentencing Guidelines § 1B1.10(b) governs the eligibility for a sentence reduction. It provides that in determining whether to reduce a defendant's term of imprisonment, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). It also provides that, except in narrow circumstances not present here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2).

Under these circumstances, it is not in the interests of justice to appoint Mr. McCrorey counsel for purposes of filing a motion pursuant to Amendment 821. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 713903, at *1 (D. Md. Feb. 21, 2024) ("[T]he Court has discretion to appoint counsel in post-conviction proceedings if the interests of justice so require.").

Accordingly, it is ORDERED that Mr. McCrorey's Motion (ECF No. 1314) is DENIED.

DATED this __14__ day of May, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

2